**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No. 05-37946

RALPH MONROE WHALEY
a/k/a R. WHALEY
a/k/a R. M. WHALEY
a/k/a MONROE WHALEY
a/k/a MONROE R. WHALEY
a/k/a R. MONROE WHALEY

        Debtor

**MEMORANDUM ON OBJECTION TO
TRUSTEE'S SALE OF REAL PROPERTY**

**APPEARANCES:**    LAW OFFICES OF MAYER & NEWTON
    John P. Newton, Jr., Esq.
    1111 Northshore Drive
    Suite S-570
    Knoxville, Tennessee 37919
    Attorney for Debtor and E. Claudeane Whaley

    WADE M. BOSWELL, ESQ.
    Post Office Box 221
    Knoxville, Tennessee 37901
    Attorney for Chapter 7 Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Objection to Trustee's Sale of Real Property (Objection to Sale) filed by the Debtor's wife, E. Claudeane Whaley (Mrs. Whaley), on July 21, 2006, in opposition to the Trustee's Notice of Sale and Trustee's Motion to Sell Real Property Free and Clear of Liens and Any Interest of Spouse (Motion to Sell Free and Clear) filed by W. Grey Steed, the Chapter 7 Trustee (Trustee) on July 11, 2006, seeking authorization to sell the Debtor's residence free and clear of liens.

A hearing was held on August 3, 2006, at which time the parties agreed that all issues could be decided upon stipulations and briefs, without the necessity of an evidentiary hearing. On August 14, 2006, the parties filed Joint Stipulations of Undisputed Facts and Documents stipulating certain undisputed facts together with the following documents: (1) a Warranty Deed dated October 8, 1992, wherein Wally Conrad Construction, Inc., conveyed residential property at 9213 Countryway Drive, Knoxville, Tennessee (Residence) to the Debtor; (2) a Deed of Trust dated October 8, 1992, between the Debtor and Etta Claudeane Whaley, Grantors, and Lynn Allen Dixon, Trustee, wherein Barclays American/Mortgage Corporation was granted a lien against the Residence to secure a $122,512.00 Promissory Note;[1] and (3) all schedules filed by the Debtor in his bankruptcy case. On August 25, 2006, the Brief of E. Claudine [sic] Whaley was filed, and the Brief of Trustee, W. Grey Steed in Support of Motion to Sell Real Property was filed on August 29, 2006.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (N), and (O) (West 1993).

---

[1] The parties do not stipulate whether Mrs. Whaley signed the Promissory Note in addition to the Deed of Trust.

2

# I

The following facts are undisputed. The Debtor filed the Voluntary Petition commencing his bankruptcy case under Chapter 7 on October 16, 2005. At the time he filed his petition, the Debtor was married to Mrs. Whaley, and they both resided at the Residence, a single-family dwelling valued in the Debtor's schedules at $170,000.00. The Debtor acquired the Residence, individually, pursuant to the Warranty Deed from Wally Conrad Construction, Inc., on October 8, 1992. *See* STIP. EX. 1. Although Mrs. Whaley was not a grantee under the Warranty Deed, she signed the Deed of Trust "to allow a lien to be placed on the [R]esidence."[2] *See* STIP. EX. 2.

The Trustee filed the Motion to Sell Free and Clear on July 11, 2006, seeking court authorization to sell the Residence for the sum of $180,000.00 free and clear of all liens, including any actual or alleged interests therein held by Mrs. Whaley. Mrs. Whaley filed her Objection to Sale on July 21, 2006, asking the court to deny the Motion to Sell Free and Clear, arguing that the sale does not meet the requirements of 11 U.S.C.A. § 363(f) or (h) (West 2004). Per the court's August 3, 2006 Order, the issues to be resolved are as follows:

A. Whether the Debtor's wife, E. Claudeane Whaley, has an interest in the real property located at 9213 Countryway Drive, Knoxville, Tennessee, which the Trustee proposes to sell;

---

[2] By signing the Deed of Trust, the Debtor and Mrs. Whaley agreed that any foreclosure sale by Barclays American/Mortgage Corporation would be "in bar of all equities of redemption, homestead, dower, and all other rights and exemptions of every kind, all of which are hereby expressly waived." STIP. EX. 2 at 3. The court offers no opinion on the necessity of this waiver, in whole or in part, as it relates to a non-owner spouse given the current status of the law in Tennessee.

B.  Whether the Trustee may sell the 9213 Countryway Drive, Knoxville, Tennessee property free and clear of any interest of E. Claudeane Whaley and, if so, whether any interest of E. Claudeane Whaley will attach to the proceeds of sale; and

C.  If it is determined that E. Claudeane Whaley has an interest in the 9213 Countryway Drive, Knoxville, Tennessee property, what is the nature and extent of that interest.

## II

As an initial matter, the Trustee is empowered with the authority to sell property of the Debtor's bankruptcy estate free and clear of liens by virtue of 11 U.S.C.A. § 363 (West 2004), which states, in material part, that "[t]he trustee . . . may . . . sell . . . other than in the ordinary course of business, property of the estate." 11 U.S.C.A. § 363(b)(1); *see also* FED. R. BANKR. P. 6004(c). Here, as stated in the Motion to Sell Free and Clear, the Trustee seeks to sell the Debtor's Residence free and clear of liens pursuant to § 363(f) and (g), which provide, in material part:

> (f) The trustee may sell property under subsection (b) . . . of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> . . . .
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; [or]
>
> . . . .
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.
>
> (g) Notwithstanding subsection (f) of this section, the trustee may sell property under subsection (b) . . . of this section free and clear of any vested or contingent right in the nature of dower or curtesy.

11 U.S.C.A. § 363(f), (g).

The primary issue before the court is whether Mrs. Whaley holds any interest in the Residence, and if so, the nature and extent of that interest.[3] Certain interests arise simply as a result of the marital relationship under both common law and statute. As relevant to this contested matter, with respect to real property used as a residence, one such interest arises out of Tennessee's Homestead Statute, which states as follows:

> (a) An individual, whether a head of family or not, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000); provided, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500), which shall be divided equally among them in the event the homestead exemptions are claimed in the same proceeding; provided, if only one (1) of the joint owners of real property used as their principal place of residence is involved in the proceeding wherein homestead exemption is claimed, then the individual's homestead exemption shall be five thousand dollars ($5,000). The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual. Upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the surviving spouse and their minor children for as long as the spouse or the minor children use such property as a principal place of residence.
>
> (b) If a marital relationship exists, a homestead exemption shall not be alienated or waived without the joint consent of the spouses.
>
> (c) The homestead exemption shall not operate against public taxes nor shall it operate against debts contracted for the purchase money of such homestead or improvements thereon nor shall it operate against any debt secured by the homestead when the exemption has been waived by written contract.

---

[3] Mrs. Whaley does not, either in her Objection to Sale or Brief, attempt to identify the nature of the interest she claims in the Residence. She refers only conclusively to her "interest" or "expectancy interest" without specifying what she claims that interest to be.

5

> (d) A deed, installment deed, mortgage, deed of trust, or any other deed or instrument by any other name whatsoever conveying property in which there may be a homestead exemption, duly executed, conveys the property free of homestead exemption, but the homestead exemption may not be waived in a note, other instrument evidencing debt, or any other instrument not conveying property in which homestead exemption may be claimed.
>
> (e) Notwithstanding the provisions of subsection (a) to the contrary, an unmarried individual who is sixty-two (62) years of age or older shall be entitled to a homestead exemption not exceeding twelve thousand five hundred dollars ($12,500) upon real property that is owned by the individual and used by the individual as a principal place of residence; a married couple, one (1) of whom is sixty-two (62) years of age or older and the other of whom is younger than sixty-two (62) years of age, shall be entitled to a homestead exemption not exceeding twenty thousand dollars ($20,000) upon real property that is owned by one (1) or both of the members of the couple and used by the couple as their principal place of residence; and a married couple, both of whom are sixty-two (62) years of age or older, shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) upon real property that is owned by one (1) or both of the members of the couple and used by the couple as their principal place of residence.

TENN. CODE ANN. § 26-2-301 (Supp. 2005).  In order to validly utilize the homestead exemption, "the claimant must own the property and actually use it as a residence[.]" *In re Lingerfelt*, 180 B.R. 502, 503 (Bankr. E.D. Tenn. 1995).

The Homestead Statute provides protection to a spouse "whose name does not appear in the chain of title" but does use it as a principal place of residence by granting him or her "an assertable homestead interest[.]" *Brown v. United Cos. Fin. Corp.*, No. 01-A-01-9108-CH-00274, 1992 Tenn. App. LEXIS 43, at *1-2, 1992 WL 4780, at *1 (Tenn. Ct. App. Jan. 15, 1992).

> It is manifest . . . that while possession of the homestead is the essential feature in the exemption from sale under legal process, or by the deed of the husband, the wife is recognized as having a present, subsisting and continuing interest in the maintenance and preservation of the benefit of this possession, and that she has such a right in the land, connected with the right of possession, that when that right is violated she is entitled to claim the protection of the courts.

*Brown*, 1992 Tenn. App. LEXIS 43, at *3-4, 1992 WL 4780, at *1 (quoting *Williams v. Williams*, 66 Tenn. 116, 117-18 (Tenn. 1874)). This statute does not, however, give Mrs. Whaley an unfettered right to possession of the Residence.[4]

When the Debtor filed his bankruptcy case, an estate was created, consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541(a) (West 2004). Although the Debtor was required to turnover all property of the estate to the Trustee pursuant to 11 U.S.C.A. § 542 (West 2004), he was also entitled to statutory exemptions under 11 U.S.C.A. § 522(b) (West 2004). Pursuant thereto, the Debtor claimed a homestead exemption in the amount of $5,000.00 in the Residence. Nevertheless, the Chapter 7 Trustee, "who became the representative of the bankruptcy estate, succeeded to all of the Debtor's interests in property of the estate and inherited the responsibility to use estate property in the best interests of creditors, including the sale thereof," subject to payment of the Debtor's homestead exemption. *Mostoller v. Kelley (In re Kelley)*, 304 B.R. 331, 335 (Bankr. E.D. Tenn. 2003) (citing 11 U.S.C.A. §§ 323(a), 704(1) (West 2004)). The Motion to Sell Free and Clear expressly provides for payment of the $5,000.00 homestead exemption to the Debtor from the proceeds of sale, second only in priority to the indebtedness owed on the mortgage.

It is undisputed that, at the time his case was filed, the chain of title to the Residence establishes that the Debtor alone owned it by virtue of the Warranty Deed executed on October 8,

---

[4] Additionally, the common law concepts of dower and curtesy, wherein a surviving wife or husband, respectively, is granted a life estate in real property owned by the deceased, have been abolished in Tennessee. *See* TENN. CODE ANN. § 31-2-102 (2001). Although Tennessee still recognizes the rights of a surviving spouse to take an elective share, application is triggered only upon the death of one spouse. *See* TENN. CODE ANN. § 31-4-101 (Supp. 2005). Furthermore, even if those common law theories were still recognized in Tennessee, § 363(g) allows a trustee to sell property notwithstanding any vested or contingent dower or curtesy rights.

1992. By virtue of her marital relationship with the Debtor and as granted under the Homestead Statute, Mrs. Whaley holds a present possessory interest in the Residence. Nevertheless, when the Debtor filed his bankruptcy case, his ownership interest in the Residence entered the bankruptcy estate, and the Trustee, as representative thereof, is entitled to sell the Debtor's interest, subject to payment of the Debtor's $5,000.00 homestead exemption granted by virtue of § 522(b) and the Homestead Statute. The fact that Mrs. Whaley also resides in the Residence means that the Debtor's homestead exemption "exists for her benefit also – even though she does not have an ownership interest in the house." *Brown*, 1992 Tenn. App. LEXIS 43, at *6, 1992 WL 4780, at *2. Mrs. Whaley's present possessory interest afforded under the Homestead Statute does not, however, constitute an interest that can preclude the Chapter 7 Trustee from selling the Residence in the Debtor's bankruptcy case. *See, e.g., Brown*, 1992 Tenn. App. LEXIS 43, at *7, 1992 WL 4780, at *3 (stating that the creditor "may get possession of the property [following foreclosure] by applying the $5,000 exemption toward acquiring a new homestead for Mrs. Brown.").[5]

This is not a case in which the Debtor and Mrs. Whaley own the Residence as tenants by the entireties, nor do they own it as tenants in common or as joint tenants with a right of survivorship. Simply stated, the Residence is owned by the Debtor, individually, and is not subject to the interest of any other entity except the lien of Barclays American/Mortgage Corporation. Mrs. Whaley does not hold any of these types of ownership interest in the Residence. In fact, were it not for the Homestead Statute, Mrs. Whaley would hold absolutely no legal interest whatsoever in the

---

[5] *Brown* differs from the present matter in that it involved a foreclosure sale by the lienholder under the terms of a Deed of Trust that was not signed by the non-owner spouse. The lienholder was the high bidder at the foreclosure sale and thus acquired ownership of the residence. Here, the sale is by the Chapter 7 Trustee who will realize sufficient funds to fully satisfy the lienholder and pay the Debtor the $5,000.00 homestead exemption to which he is entitled.

8

Residence. Moreover, the Homestead Statute does not grant her an absolute right to possession of the Residence. It simply recognizes that as long as the Debtor owns the Residence, Mrs. Whaley shares his possessory rights, subject to his homestead exemption. Mrs. Whaley's interest cannot, however, preclude the Trustee from proceeding with the sale of the Residence. Furthermore, Mrs. Whaley herself does not possess an interest that attaches to the proceeds of the sale; she simply shares her husband's right to receive the $5,000.00 homestead exemption authorized by the Homestead Statute.[6]

In summary, the Objection to Trustee's Sale of Real Property filed by Mrs. Whaley will be overruled, and the Trustee will be allowed to proceed with the proposed sale of the Debtor's Residence as set forth in the Motion to Sell Free and Clear.

An order consistent with this Memorandum will be entered.

FILED:  September 25, 2006

> BY THE COURT
>
> /s/  RICHARD STAIR, JR.
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE

---

[6] The provision of the Homestead Statute prohibiting alienation or waiver of the homestead exemption without the joint consent of the non-owner spouse (TENN. CODE ANN. § 26-2-301(b)) has no application here. The homestead exemption will not be alienated or waived, because the Debtor will receive the entire $5,000.00 exemption to which he is entitled.